**Richmond.**

·JONES v. RIXEY.

December 4, 1884.

1. APPELLATE PROCEEDINGS—*New Trial.*—Every reasonable presumption
   is made in support of a verdict fairly rendered, which cannot be set
   aside as against the evidence, unless the evidence is plainly insufficient
   to warrant the finding. *Blair & Hoge* v. *Wilson*, 28 Gratt. 165.
2. IDEM—*Idem—Certificate of Evidence.*—Where the evidence, and not
   facts proved, is certified, the verdict will not be disturbed, unless it
   appears plainly wrong after rejecting all the exceptor's parol evidence,
   and giving full faith to that of the other party.

Error to judgment of circuit court of Culpeper county, ren-
dered in an action of *assumpsit* instituted by P. M. Rixey against
P. M. Jones and P. E. Jones in April, 1880, to recover from
them the sum of $489.57, with interest thereon from 19th April,
1880, until paid, that being the sum paid by Rixey on that day
as surety for John T. Jones, and against which debt the defend-
ants by writing by them signed, dated 23d July, 1866, had, for
a valuable consideration, agreed to indemnify him. The debt
was evidenced by a bond of John T. Jones as principal, and
Rixey as surety, dated 23d August, 1857, for $532.50, payable
to Robert Stringfellow, on which judgment was obtained in No-
vember, 1878. Rixey purchased of J. T. Jones a black mare
for $154.25, payable on demand, and therefor gave his bond,
dated 23d July, 1866, which was endorsed, however, as not
being payable until the Stringfellow debt was settled. J. T.
Jones assigned the bond last named to the defendant, P. M.

Jones. One month after the purchase, P. M. Jones bought the mare back from Rixey, and gave up the $154.25 bond, and in writing, signed by him and his co-defendant, P. E. Jones, agreed to indemnify Rixey as surety for John T. Jones on the Stringfellow debt. When Rixey paid that debt J. T. Jones was insolvent, and Rixey brought *assumpsit* on the agreement of the defendants to indemnify him. The evidence was conflicting. The jury found for the plaintiff, and the court entered judgment accordingly. The defendants moved the court to set aside the verdict, as being unwarranted by the evidence. But the motion was overruled, and the defendants excepted. The evidence, and not the facts proved, was certified. The plaintiff's evidence clearly sustained the verdict. To this judgment the defendants obtained in August, 1881, a writ of error and *supersedeas* from one of the judges of this court.

*J. G. & W. W. Field*, for the plaintiffs in error.

*John F. Rixey, W. W. Henry*, for the defendants in error.

RICHARDSON, J., delivered the opinion of the court:

The principles governing courts in respect to setting aside verdicts and granting new trials, have been often laid down by this court. Burks, J., in *Blair & Hoge* v. *Wilson*, 28 Gratt. 165, says: "Every reasonable presumption should be made in support of a verdict of a jury fairly rendered, and according to the long established, well settled rule of this court, such a verdict cannot be set aside as against the evidence, unless there is a plain deviation—unless the evidence is plainly insufficient to warrant the finding." See also *Read's Case*, 22 Gratt. 924, and *Bell* v. *Alexander*, 21 Gratt. 8, where the rule is stated with clearness and force by Judge Christian.

In the case in hand the court certifies the evidence and not the facts proved. In such case the long and well settled rule is

that the appellate court will only consider the evidence intro-
duced by the party who prevailed in the court below, and will
not reverse the judgment, unless after rejecting all the parol
evidence of the exceptor, and giving full effect to that of the
adverse party, the decision below still appears to be wrong.
This doctrine is too well established—too familiar to the pro-
fession—to need the citation of adjudged cases, which are nume-
rous and directly to the point. It is true, there is in this case a
conflict of evidence, and hence the court below could not do
otherwise than certify this evidence, not the facts. Without
going into a detailed statement of all the evidence on both sides,
which could serve no useful purpose, it is sufficient to say that
all the material evidence for the defendants, is in conflict directly
or indirectly with the evidence for the plaintiff, and under the
rule must be rejected and only the plaintiff's evidence looked to
in order to determine whether or not the verdict is proper.

The evidence for the defendant being thus out of the way, we
can only look to the plaintiff's evidence to see whether the
verdict of the jury is warranted thereby. In this respect it is
clear that the plaintiff fully proved his case as set forth in his
declaration, which, in legal form and effect, presents the facts
and circumstances already stated, and constitutes sufficient
foundation for his action. He avers and proves that on the 23d
day of July, 1866, in consideration that he, the plaintiff, at the
special instance and request of the defendants, the said P. M. &
P. E. Jones, would pay to said P. M. Jones the bond dated June
23d, 1866, for $154.25, payable to John T. Jones on demand,
and by him assigned June 23d, 1866, to said P. M. Jones, which
bond had been executed by said plaintiff for a black mare, and
by an endorsement on the back of said bond, signed by said
John T. Jones, said plaintiff was not to pay said bond until the
debt due Robert Stringfellow, for which the plaintiff was bound
as security for said John T. Jones, was settled, said defendants
undertook and promised the said plaintiff, in writing, to indem-
nify him as security for said John T. Jones upon said debt to

Robert Stringfellow for $532.50 and interest. That the plaintiff, confiding in the said promise and undertaking of the defendants, did afterwards, to wit: on the 23d day of July, 1866, pay to said P. M. Jones, in full, the bond executed by him to said John T. Jones, the sum of $154.25 with interest from the said 23d day of June, 1866; and that the said defendants have not indemnified him as the security as aforesaid of John T. Jones, in that, theretofore, to wit: on the 19th day of January, 1880, as security for said John T. Jones (who was then and has since remained insolvent), he, the said plaintiff, upon said debt to Robert Stringfellow, was compelled to pay the sum of $489.57, and that the said defendants not regarding their said promise, &c., have refused to pay to him, the plaintiff, said sum of money so paid by him.

The defendants, it is true, introduced evidence to disprove these averments of the plaintiff. The jury, however, on hearing all the evidence, thought proper to give credit to the testimony of the plaintiff, and the court below, under the well established rule did not, and could not under the circumstances, invade the rightful province of the jury and set aside said verdict, as contrary to the law and the evidence, but most properly refused to do so and overruled the motion of the defendants. Nor can this court say that the judgment of the court below overruling said motion is plainly wrong; on the contrary we are of opinion that the verdict of the jury was plainly right, and the motion to set aside the same and grant a new trial was properly overruled. There is no error in the judgment of the court below and the same must be affirmed with costs to the defendant in error, and so affirmed certified to the said circuit court of Culpeper county.

JUDGMENT AFFIRMED.