TEXAS & PACIFIC RAILWAY COMPANY v. E. E. OVERALL.

No. 3140.

**Negligence—Duty of Passenger on Car.**—Plaintiff, a passenger on the car of the defendant, while the train was stopped was standing by the door of the car, the door shutter being open, with his hand resting upon the door frame against which the shutter closed. While in that position the door was closed, injuring his little finger. A brakeman appears to have closed the door; and while he might have seen the hand of the plaintiff, there is no proof that he did see it. Judgment having been rendered for damages, *held:*

1. That the evidence showed negligence on part of plaintiff in resting with his hand in danger.

2. It was not the duty of the brakeman to see that the plaintiff was taking care of himself, and he had a right to presume that the passenger was taking such care.

3. Had the brakeman seen the danger and then shut the door, doing the injury, the negligence of the passenger would not have relieved the defendant from liability.

APPEAL from Marion. Tried below before Hon. E. W. TERHUNE.

This is an appeal from a judgment for $200 rendered against the railway company for injuries inflicted through alleged negligence of its employes. The injury was in mashing the little finger of plaintiff by a door closing upon it. The facts are given in the opinion.

*F. H. Prendergast,* for appellant.—1. The court erred in not granting a new trial, because the evidence showed that plaintiff was negligent in putting his hand in the door while standing on the car platform, and his negligence caused his injury. Railway v. Davidson, 61 Texas, 207, 208; Pat. Ry. Ac. Law, 251; Railway v. Hanks, 72 Ala., 112; Same Case, 18 Am. and Eng. Ry. Cases, 195; Pat. Ry. Ac. Law, p. 250; Sullivan v. Railway, 30 Pa. St., 238.

2. The court erred in not granting a new trial, because the evidence did not show that the person who shut the door had any knowledge or reason to believe that plaintiff's finger would be injured by the closing of the door. Railway v. Strand, 64 Miss., 784; Beach Con. Neg., 37; Paxton v. Boyce, 1 Texas, 323; Railway v. Foreman, 73 Texas, 314.

*W. T. Armistead* and *J. A. Armistead,* for appellee.—1. Appellee being a passenger, was not guilty of negligence in standing on the car platform while the car was standing still at Strawn in the daytime.

2. Appellee was not guilty of negligence in leaning his back against the door facing and placing his hand thereon with his little finger resting in the crease of the door while the car was thus standing still, he having noticed the car door open and securely fastened by the usual catch there for that purpose.

3. The injury was caused by the brakeman in the employ of the defendant company suddenly jerking the car door loose from its fastening

and slamming the same suddenly shut upon appellee's little finger while he saw the appellee leaning there with his little finger in the crease of the door and saw his little finger there, and appellee did not see him at the immediate time the injury was inflicted. Whitaker's Smith on Neg., pp. 322, 323; Whart. on Neg., sec. 365.

GAINES, ASSOCIATE JUSTICE.—The appellee was a passenger on the train of the appellant railway company. The train having stopped at a station, and the door of the car in which he had been riding being opened and fastened, he took position on the platform with his hand resting upon the jamb upon which the door was swung and with his little finger inside the cleat against which the door fitted when closed. As he testified, while standing in that position a brakeman entered the car and suddenly closed the door. The end of his finger was caught between the door and cleat and was injured. The brakeman denied that he shut the door, and testified that it was closed by a woman, who did it in order to enter the water closet. The appellee also testified, "the man who shut the door could see me and see where my hand was when he shut the door."

The appellee having obtained a verdict and judgment upon the facts as stated, the appellant made a motion for a new trial, which was over-ruled.

One ground of the motion was, that the plaintiff was negligent and that his negligence contributed to the injury. Another was, that the evidence did not show negligence on part of the company. These questions are now presented to us by proper assignments.

It seems to us that the act of the defendant in placing his hand in such a position upon the jamb of the door that it would certainly be injured by any one closing the door was an act of negligence. The door, though "securely fastened," was capable of being suddenly closed, and was likely to be closed by either passengers or employes of the company, and especially by persons who desired to enter the water closet of the car.

But should it be conceded that the plaintiff was not negligent, the verdict is still without sufficient evidence to support it. The evidence authorized the jury to find that the brakeman was the person who closed the door; but there was nothing to show that in doing so he was guilty of negligence. If in fact he had seen the position of the plaintiff's finger and had then closed the door regardless of the consequences, even the negligence of the plaintiff would not have exonerated the company from liability for the injury. Where one negligently places himself in a dangerous situation, and another discovers his danger in time to avoid the injury, it becomes the duty of the latter to exercise due care to avoid it. But the fact that the brakeman could have seen

the dangerous position of the plaintiff's finger does not prove that he did see it.  If we are to resort to presumptions, the presumption is in favor of his innocence.  The fact being essential to the plaintiff's recovery, the burden was upon him to establish it.  If it had been the duty of the brakeman to see that the plaintiff was taking proper care of himself, the fact that he could have discovered the danger would have been material.  But such was not the brakeman's duty.  He had the right to presume that the plaintiff was conducting himself with prudence, and it was not his duty to see that such was the fact.

For the refusal of the court to grant a new trial, the judgment is reversed and the cause remanded.

*Reversed and remanded.*