F. B. CHOATE v. SAN ANTONIO AND ARANSAS PASS RAILWAY COMPANY.

Decided October 19, 1896.

**Passenger—Jerking Train—Fact Case.**

A passenger, having testified that in attempting to pass from one car to another as the train was about to stop at a station he was thrown from the cars by a sudden jerk in stopping and starting again, there was evidence of negligence on the part of the carrier sufficient to justify submission of the question to a jury though plaintiff's account was in some respects contradictory and improbable and contradicted by other testimony, and it was error to reverse a recovery by him with directions to trial court to instruct a verdict for defendant on another trial. (Pp. 88, 89.)

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Karnes County.

The suit was originally brought by Choate in the District Court to recover of the railway company damages for personal injuries received by him while a passenger on one of its trains, through being thrown from the platform while passing from one car to another by a sudden jerk of the train. Plaintiff recovered damages and on appeal the judgment was reversed by the Court of Civil Appeals, which held that the evidence required a peremptory instruction to find for defendant. Appellee, having amended his application in the particulars pointed out in the pre-

ceding opinion, obtained a writ of error on the ground that the ruling practically settled the case.

*Mayfield, Ball* and *Burney,* for plaintiff in error.—The court will not set aside a judgment of the lower court because of the conflict in evidence, nor where there is evidence which would warrant a verdict for the party in whose favor that part of the testimony was given. Where testimony is conflicting, appellee is entitled to the benefit of all the facts tending to establish the verdict. The court should be slow to set aside the verdict of a jury, especially where such verdict sought to be set aside is the third verdict rendered in the case by a jury for the same party to the suit. Bell v. Boyd, 76 Texas, 135; Standard Oil Co. v. Hanlon, 79 Texas, 682; Railway v. Marcelles, 59 Texas, 337; Carter v. Carter, 5 Texas, 101; Alley v. Booth, 16 Texas, 96; Simmons Hd. Co. v. Kaufman, 77 Texas, 137; Brooks v. Lewis, 83 Texas, 334; Floyd v. Rice, 28 Texas, 345; Chevalier v. Denson, 8 Texas, 439; Clark v. Loftus, 80 Texas, 150; Ranger v. Harwood, 39 Texas, 139; Murphy v. Stell, 43 Texas, 128; Mynatt v. Hudson, 66 Texas, 66; Stroud v. Springfellow, 28 Texas, 676; Wilson v. Martin, 78 Texas, 294; Railway v. Wheat, 68 Texas, 137; Powell v. Haley, 28 Texas, 57; Railway v. Overheim, 76 Texas, 439; Fulton v. Craddock, 1 Dallam, 458; Gibson v. Talk, 26 Texas, 127; Ranger v. Harwood, 32 Texas, 144; Gibson v. Hill, 23 Texas, 77; Floyd v. Rice, 28 Texas, 345.

*Proctors,* for defendant in error.—The verdict and judgment have no basis unless found in the testimony of the plaintiff alone, and the plaintiff's testimony is so slight when considered with the contradiction of the physical facts, his own statements made to the witnesses at Elmendorff, and his own deposition, that same cannot support a judgment. Railway v. Bracken, 59 Texas, 75; Chandler v. Meckling, 22 Texas, 41.

Where a judgment is based upon the testimony of a plaintiff alone, contradicted by disinterested witnesses, and his own statements, made at other times, an appellant court has never felt wanting in power to grant relief. Railway v. Schmidt, 61 Texas, 282; Railway v. Abbott, 24 S. W. Rep., 299.

The verdict and judgment is opposed to the evidence and the charge of the court in this; the evidence shows the plaintiff was under the influence of liquor at the time of the injury, and that such condition so influenced his conduct as to cause him to fail to exercise ordinary care and thus contributed to his own injury. Railway v. Sympkins, 54 Texas, 625; Railway v. Smith, 52 Texas, 178; Railway v. Evans, 71 Texas, 368; 1 Thompson on Neg., 450.

The opinion on writ of error, delivered June 11th, 1896, but afterwards modified on rehearing, was as follows:

BROWN, ASSOCIATE JUSTICE.—The conclusions of fact as found by the Court of Civil Appeals are as follows:

"Plaintiff testified upon this trial as to how the accident happened as follows: 'I got on the San Antonio and Aransas Pass Railroad on March 15, at Runge to go to San Antonio. I paid my passage. I first got on the ladies' car; then I changed to the smoker. I was crippled at the time. I went back into the smoker and left my crutch in the ladies' car. It is called the ladies' car; it was the first-class car. It was at Elmendorf that I got hurt. I was sitting with Jim Gilleland and Davis Wade. I think that Davis Wade and I were sitting on the same seat and Jim Gilleland was in front. I told them when the train stopped long enough I was going to get my crutch. I didn't hardly stop when I undertook to go back and was thrown off. The train just run up and stopped with a jerk and started with a jerk. I was on the platform trying to go through to the other car. Just about when the train stopped I started from where I was seated in the smoker to go back to the ladies' car. The train started with a jerk and threw me off. I was caught under the car wheels and it cut off my toes on one foot. I don't know what did occur after that, positively. It all seemed like a dream. I cannot say anything positively about it. I do not remember being at a hotel, store or anything. I really do not know what I did. I know what they told me afterwards. My first recollection was, I was in San Antonio at the hotel, and Dr. Graves was working on me on my left foot, and asked me if I didn't want a toddy, and I told him, yes. Some one objected, but he said to let me have it; it was the first I remembered after I got hurt.

"Runge is in Karnes County. There is where I got on the railroad. The railroad runs to San Antonio from there. From Runge to San Antonio it passes through the counties of Wilson, Bexar and Karnes. I paid $2.15 fare going from Runge to San Antonio. It is 72 miles. I paid my full fare and Mr. Gilleland's full fare. When I was thrown from the car I was on the platform. The jerk is what threw me off the platform. The train had not stopped. They were just ready to stop, and they did not hardly stop, and started with a jerk again. It was a sudden jerk. I lost my balance at that jerk and fell off the platform. I tried to catch myself when that sudden jerk came, of course, but could not. I don't know what prevented me from catching on. I was crippled at the time and was going back for my crutch. The reason I went back was, I told these boys whenever the train stopped I was going back for my crutch, and did not want to go until it did stop. At the time of this jerk I was thrown off the platform. The train should have stopped, and I thought it had stopped, and just about the time I got to the door it started with a jerk and threw me off.

"A deposition of the plaintiff that had been taken in the cause was read by defendant. In this plaintiff stated that when the train arrived at Elmendorf he was in the smoking car and went out on the platform with the intention of getting off, but did not do so, as the train stopped with a jerk, throwing him against the hand-rail, and, stopping only an instant, started again with equal suddenness, throwing him off, and that the draft

created by the moving train threw him under it. In this deposition plaintiff testified to matters that occurred while at Elmendorf and before he went to San Antonio, which deposition is irreconcilable with his not knowing what took place at Elmendorf.

"Defendant read the depositions of several witnesses who resided in Bexar County and who were unimpeached, who testified that, at Elmendorf after the accident and before he went to San Antonio for treatment, plaintiff stated to them respectively that he had stepped off the train when it stopped at the depot, and that when he went to step back he missed his step or slipped, and the wheel caught his foot. One of his own witnesses testified to a similar statement made by plaintiff to him at the same time. These witnesses are not contradicted in any way.

"It was shown and not contradicted that the wheel of the car was two feet inside of the outer edge of the lower step on the platform, and that the platform had iron railings 30 inches high, and the space between the cars when moving did not exceed seven inches, and the height of the step was two feet.

"There was no evidence that plaintiff was bruised or hurt in any way except the injury to his foot.

"The testimony was conflicting as to plaintiff being drunk on that occasion."

The Court of Civil Appeals announced its conclusion of law upon the facts stated in this language: "We are of opinion from what has been said, and especially when the undisputed admissions of plaintiff as to the manner of the accident and plaintiff's inconsistent statements as a witness, are considered, that a jury is not warranted in finding plaintiff's injury came about as alleged. The testimony, in our judgment, is clearly opposed to such a finding. We are therefore unable to sanction the verdict.

"In the event of another trial the court should, upon the same testimony, direct a verdict for the defendant. Reversed and remanded."

F. B. Choate has applied to this court for writ of error upon the ground that the decision of the Court of Civil Appeals practically settles his case, and under the direction given by that court to the District Court that upon another trial with the same evidence before it the district judge will instruct a verdict for the defendant, the jurisdiction of this court attaches because such instruction practically settles the case upon the facts as shown in the record. If we find that the Court of Civil Appeals is correct in this conclusion, it will then be our duty to enter judgment against the plaintiff, F. B. Choate.

The only question presented by this writ of error is, did the Court of Civil Appeals commit an error in directing the District Court as follows: "In the event of another trial, the court should, upon the same testimony, direct a verdict for the defendant?" Neither the conflict in the evidence nor the contradictions in the plaintiff's statement would justify such a direction on the part of the Court of Civil Appeals, nor would it authorize

the trial court without such direction to so direct the jury. If, however, the evidence introduced as shown by the record when considered in the most favorable light to the plaintiff, would not be sufficient to authorize the jury to find a verdict for the plaintiff, then the direction of the Court of Civil Appeals must be sustained. (Grinneow v. Dean, 62 Texas, 220; Williams v. Davidson, 43 Texas, 39; Supreme Council v. Anderson, 61 Texas, 101.)

While under some circumstances the happening of an accident to a passenger from an unexplained cause would be sufficient to authorize the jury to infer that the defendant was guilty of negligence, this is not a case in which that rule applies. (Railway v. Overall, 82 Texas, 247.) In the case cited the plaintiff was a passenger upon defendant's train, standing upon the platform with his hand resting upon the jamb of the door. The door was in some unexplained way shut and caught his hand, injuring it. The door was securely fastened, but capable of being suddenly closed, and was likely to be closed by either passengers or employes of the company. It was claimed on the part of the plaintiff that a brakeman closed the door upon his hand, which, however, the brakeman denied. It was held in that case that the proof of the fact of injury in the manner stated was not sufficient to establish the negligence of the defendant.

The plaintiff in this case was a passenger upon the defendant's train and had the legal right, if necessary, for his convenience or for any purpose, to pass from one car to the other while the train was in motion, but in doing so he assumed the risk of all accidents not arising from any negligence of the defendant. (Stewart v. Railway, 146 Mass., 605.) In the case last cited the plaintiff was a passenger upon the defendant's train and by direction of the conductor was passing from one coach to another when he met a woman coming towards him. He turned to let her pass, when the train gave a lurch and threw him off his balance, whereby he was thrown from the platform and hurt. The court said: "In going from one car to another upon a rapidly moving train merely for his own convenience, plaintiff took upon himself the risk of all accidents not arising from any negligence of the defendant. While crossing over one of the platforms between the cars, plaintiff came in collision with another passenger crossing the platform in an opposite direction, and he was thrown from the platform. There is nothing to show that the lurch was extraordinary, or anything more than a usual and inevitable incident of a swiftly moving train. The evidence fails to show any negligence of the defendant which caused the accident, and the Superior Court therefore rightly directed a verdict for the defendant."

The most favorable view of the facts in this case for the plaintiff is that being upon the train as a passenger and believing that the train was about to stop at a station, he undertook to pass from the coach in which he was seated to another for the purpose of procuring his crutch. He reached the door of the coach that he was leaving just as the train stopped, and then it started with a jerk as he got upon the platform,

by which he was thrown off his balance and fell to the ground, thereby in some manner getting his foot crushed under the wheels of the car. Another witness who was seated in the same coach with him stated that he at the same time started to alight from the coach at the opposite end, when there was such a jerk given in starting the train as came near throwing him from the steps. The place at which the plaintiff was injured was not the point of destination for him as a passenger, and the railroad company had no reason to anticipate that he would attempt to get off the train there, nor did it have any notice that he would attempt at that place or at any time to pass from one coach to another. It was under no obligation to him to stop at that station for any given time. As said in the case of Stewart v. Railway, supra, there is no evidence to show that the jerk, as it is called by the witnesses, was anything unusual in stopping and starting a train under ordinary circumstances, and the evidence wholly fails to show that the defendant was guilty of any negligence either in starting or stopping its train on the occasion of plaintiff's injury. The plaintiff's right of recovery depended upon the fact that the motion of the train which caused the injury was not such as is ordinarily incident to the movement of the train on stopping and starting. We therefore conclude that the evidence, viewed in its most favorable light in favor of the plaintiff, would not justify a jury in finding that the defendant was upon that occasion guilty of any negligence, and that, therefore, the Court of Civil Appeals rightly held that under the same evidence the trial court ought to instruct the jury to find for the defendant.

It is therefore ordered that the plaintiff take nothing by his suit and that the defendant go hence without day and recover of the plaintiff and his sureties upon his writ of error bond all costs in this behalf expended and that this judgment be certified to the District Court of Karnes county for observance.

. Delivered June 11, 1896.

Plaintiff in error moved for a rehearing on grounds shown in the opinion following:

*Mayfield, Ball & Burney,* in support of the motion for rehearing, cited and discussed: Pierce on Railroads, 313; 2 Am. and Eng. Encycl. Law, 765, sec. 35; Railway v. Dorough, 72 Texas, 111; Railway v. Crowder, 63 Texas, 504; Railway v. Overall, 82 Texas, 247; Railway v. Moore, 69 Texas, 160; Railway v. Davidson, 21 S. W. Rep., 69; Railway v. Burnett, 80 Texas, 536; Railway v. Copeland, 60 Texas, 328; Railway v. Gatewood, 79 Texas, 89; McCray v. Railway, 34 S. W. Rep., 96; Railway v. Cooper, 2 Texas Civ. App., 42; Railway v. Smith, 74 Texas, 278; Daugherty v. Railway, 51 Am. Rep., 239; Brown, receiver, v. Sullivan, 71 Texas, 470; Pollard v. Railway, 22 Wall., 878; Daugherty v. Railway, 21 Am. and Eng. R. R. Cases, 497; 81 Mo. 335; Spearman v. Railway, 57 Cal. 432; Morrison

v. Railway, 130 N. Y., 169; Pollard v. Railway, 22 Wall., 878; Bartholo-. mew v. Railway, 102 N. Y., 717; Sauter v. Railway, 66 N. Y., 52; Milliman v. Railway, 66 N. Y., 643; Keating v. Railway, 49 N. Y., 673; Railway v. Rountree, 25 S. W. Rep., 989; Railway v. Miller, 79 Texas, 78; Carter v. Railway, 42 Fed. Rep., 37; Railway v. Hale, (Ala.) 8 So. Rep., 142; Railway v. Prinnell, (Va.) 3 S. E. Rep., 95; Railway v. Findlay, 76 Ga., 311.

ON MOTION FOR RE-HEARING.

BROWN, Associate Justice.—The plaintiff in error, F. B. Choate, filed a motion for rehearing in this cause, supported by a clear and forcible argument in which he insists that this court erred in holding that the Court of Civil Appeals held correctly when it directed the trial court upon another trial under the same evidence to instruct the jury to find for the defendant.

In our former opinion we held that under the most favorable view of the evidence that could be taken for the plaintiff, there was no proof of negligence on the part of the defendant, and therefore there was nothing for a jury to decide upon. In Lee v. International & Great Northern Railway Co., 89 Texas, 503 (36 S. W. Rep., 63), upon a similar question, this court said: "Negligence, whether by the plaintiff or defendant, is generally a question of fact and becomes a question of law to be decided by the court only when the act done is in violation of some law, or when the facts are undisputed and admit of but one inference regarding the care of the party in doing the act in question. In other words, to authorize the court to take the question from the jury, the evidence must be of such a character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it." (Railway v. Cain, 69 Md. 11; 13 Atl. Rep. 387; Railway v. Griffith, 16 Sup. Ct. Rep., 105; Railway v. Ives, 144 U. S. 417; Railway v. Gasscamp, 69 Texas, 547; Chatham v. Jones, 69 Texas, 746.) We think this the correct rule, and that the court is not justified in taking from the jury a question of fact except in case the evidence is such that there is no issue made for the jury to determine.

A different rule applies to the granting of new trials by the trial courts and courts of civil appeals. Although there may be sufficient evidence in a case to require the court to submit it to the jury, yet if the verdict rendered thereon is against the preponderance of the evidence to that degree which shows that manifest injustice has been done, the trial court may and should grant a new trial. The judge should not invade the province of the jury and take from it the decision of a question which properly belongs to it; neither should he abdicate the functions of his office and permit the prerogatives of the jury to be perverted to the accomplishment of wrong.

Upon a careful re-examination of this case, we have concluded that there was error in the former judgment of this court, in so far as we held that there was no evidence upon which to submit the issue of negligence

to a jury. We think that the evidence is not such as to preclude a difference of opinion upon the question of negligence on the part of the defendant, and that the Court of Civil Appeals erred in the direction that it gave to the trial court as above stated.

The motion for rehearing in this case is, therefore, granted, and it is ordered that the judgment of this court heretofore rendered on the eleventh day of June, 1896, be set aside and held for nought; that this cause be remanded to the district court for trial in accordance with this opinion, and that the plaintiff in error recover of the defendant in error all costs in this court, and that defendant in error recover of the plaintiff in error the costs in the Court of Civil Appeals.

*Reversed and remanded.*

Delivered October 19, 1896.