San Antonio & Aransas Pass Railway Company v. F. B. Choate.

Decided February 28, 1900.

**1. Appeal—Estoppel.**

Statements in an application to the Supreme Court for writ of error that all the evidence in the case was in the record, and that no new evidence would or could be introduced on another trial, will not estop the applicant from introducing other evidence when the case is again tried below.

**2. Charge of Court—Assumption of Fact.**

In an action for injuries resulting from plaintiff's being thrown from a car platform by a jerk of the train, a charge is properly refused which assumes that plaintiff's action in going upon the platform contributed to his injury.

**3. Same—Negligence.**

A charge that no deduction of negligence is to be made from the mere fact that a train in motion gave a violent jerk, is properly refused where it appears that the jerk was of an unusual nature.

**4. Same—Only Ordinary Risks Assumed.**

A charge that where a passenger, while the train is in motion, passes from one car to another without notifying the trainmen, the company owes him no duty in respect to movements of the train while he is engaged in such act, is properly refused, since he thereby assumes only the risks incident to such undertaking from ordinary causes.

**5. Same—Charge Restraining Verdict.**

A charge that the verdict must meet the approval of each juror's conscience; that the juror should not agree to it unless it does, and if he does so he commits moral perjury, is properly refused.

Appeal from Karnes. Tried below before Hon. James C. Wilson.

*Proctors,* for appellant.

*E. R. Lane* and *Chas: H. Mayfield,* for appellee.

JAMES, Chief Justice.—This case has been the subject of several opinions. Railway v. Choate, 35 S. W. Rep., 186; 90 Texas, 82; 43 S. W. Rep., 357; 91 Texas, 406. It is not necessary to again explain the nature of the case. In view of the testimony of additional witnesses, we find as conclusions of fact herein that plaintiff was injured through the negligence of defendant's servants, and was not guilty of contributory negligence.

The first assignment is that there was error in admitting the testimony of the new witnesses, for the reason that previous to the taking of their depositions plaintiff had estopped himself from introducing such testimony by stating in his application in 1896 to the Supreme Court for a writ of error in this cause, that all the testimony in the case was presented in the then statement of facts, and that no new evidence would or could be introduced upon another trial, and that the judgment of this court reversing and remanding practically settled the case; and by a later application to the Supreme Court in 1898 for a writ of error, and before the taking of said depositions, plaintiff stated substantially the

same.   From the opinion of the Supreme Court expressed in Barrett v. Featherstone, 89 Texas, 567, and of this court in Railway v. Eckles, recently decided, we are of opinion that the declarations in the applications did not have the effect of estopping plaintiff from introducing other testimony at a subsequent trial.

The second and third assignments as presented in appellant's briefs, complaining that the answers of witnesses to a certain interrogatory were not responsive, are not deemed well founded.

The eighth assignment complains of the refusal of a charge stating that even if plaintiff was thrown from the train by an unusual and violent jerk, yet if the jury believed that, as the train stopped, plaintiff went out upon the platform from curiosity, without intending to get off, and had no right there, and was injured in consequence of going uselessly upon the platform, and that a person of ordinary prudence would not have so acted, they would find for defendant.   The charge did not stop at this, but concluded as follows: "For plaintiff's act in going upon the platform was a cause of this injury, and your inquiry as regards such act of plaintiff should be directed to the ascertainment of whether or not said act of going out upon said platform was a negligent act."   The charge assumed that the act contributed to the injury.   It was not entitled to be given, under the rule stated in Railway v. McGlamory, 89 Texas, 635.   The concluding part of the charge was made the controlling part of it, and by it the jury would, after all, have been directed to determine whether or not plaintiff's act of going out upon the platform was negligence, and this the concluding part was the gist and substance of the charge.   It controverted a charge attempting to group certain facts relied on into a general charge on the issue of contributory negligence, and we find that the court charged the jury fully on contributory negligence, and particularly that "if plaintiff was in a place where an ordinarily prudent person would not have been under the circumstances," he could not recover.   The charge asked amounted to this, that if plaintiff was unnecessarily upon the platform, and his being there was negligence, to find for defendant.   This was really and more correctly charged by the court in the language above quoted.

The fourth, fifth, sixth, and seventh assignments, which are presented together, relate to charges which appear to have been asked and refused upon the theory that no deduction of negligence could be made from the mere fact of a violent jerk of the train, and also that if a passenger goes from one coach to another without notice to trainmen, the defendant owed him no duty in respect to movements of the train while engaged in such act.

These theories are incorrect.   There is testimony here to warrant finding that the jerk was of such a nature as to be unusual, that is, one not incident to the ordinary operation of the train, and when this appears as the cause of the injury, it does not present a case of unexplained cause; nor is it improper for a jury to find such act negligence on the part of those handling the train.   Choate v. Railway, 90 Texas, 82.

A passenger may pass from one coach to another, even while the train is in motion, and be entitled to recover from being thrown off by an unusual jerk of the train; he merely assumes the risks incident to such undertaking from ordinary causes; and in the present case, it would clearly be a question of whether or not the jerk was extraordinary, and whether or not, under all the circumstances, plaintiff was negligent, and thereby contributed to his injury. Sickles v. Railway, 35 S. W. Rep., 493; Stewart v. Railway, 16 N. E. Rep., 466.

The refused charge referred to in the ninth assignment is as follows: "The verdict rendered in this case must meet the approval of the individual conscience of each juror rendering the same. While each juror should endeavor by full and frank discussion with his fellows to arrive at a verdict, yet the issues in this case are addressed to each juror under his oath, and unless he can agree with his fellows upon a verdict which he individually thinks, under his own oath and conscience, is a proper and just verdict, he should not agree, for he should not join his fellow jurymen in the return of any verdict which he individually does not believe is, in all regards, just and proper, and if he acts otherwise he has violated his oath and committed moral perjury."

The charge was calculated to restrain discussion and deliberation in the jury room, and tended to make jurors unyielding in their views. It was properly refused. The giving or refusing of charges of this nature will not ordinarily be reviewed. Insurance Co. v. Pulver, 18 N. E. Rep., 808.

From what has been stated, there is no merit in the tenth and eleventh assignments, which insist that there was no evidence of sufficient probative force to raise the issue that defendant was negligent in the handling of the train.

By the remaining assignments is presented the insufficiency of the testimony to warrant a recovery. Upon the previous appeals plaintiff was the only witness of the circumstances surrounding the injury, and in view of this and his contradictory testimony and contrary statements, and the fact that he sustained no bruises or injuries from the severe fall he testified to, led us to hold that it was not a reasonable conclusion to reach that his injury came about as he claimed. But in the present record two other witnesses testify to seeing him thrown from the train by the jerk. The testimony tends to show that, concurrently with this event, his foot was run over by the train. We are not able to say, in this state of evidence, that it was inadmissible for the jury to believe the case as alleged and testified to by plaintiff.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.