KIRKLAND et al. v. MATTHEWS et al.
(No. 6769.)

(Court of Civil Appeals of Texas. Galveston. March 5, 1915. Rehearing Denied March 25, 1915.)

1. PARENT AND CHILD ⟂2 — CUSTODY OF CHILD—RIGHT TO.

That the father of children is not so well able to give them comforts and advantages as relatives of their deceased mother is no ground for depriving him of their custody.

[Ed. Note.—For other cases, see Parent and Child, Cent Dig. §§ 4–32; Dec. Dig. ⟂2.]

2. PARENT AND CHILD ⟂2 — CUSTODY OF CHILDREN—PREFERENCES OF CHILDREN.

That minor children preferred to live with their maternal relatives, while entitled to some weight, is not conclusive as to the right to the custody of the children.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 4–32; Dec. Dig. ⟂2.]

3. PARENT AND CHILD ⟂2—CUSTODY—PRESUMPTION.

There is a presumption that the best interest of a child will be subserved by placing it in the custody of its father, but in such cases the paramount consideration is the welfare and best interest of the child.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 4–32; Dec. Dig. ⟂2.]

4. PARENT AND CHILD ⟂2—ACTIONS—EVIDENCE.

In a suit involving the custody of infant children, the question whether it was better for

them to be in the custody of their father or their maternal relatives, held for the jury.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 4–32; Dec. Dig. ⟂2.]

Appeal from District Court, Tyler County; A. E. Davis, Judge.

Action by Mrs. Alta Kirkland and others against George C. Matthews and others. From a judgment for defendants, plaintiffs appeal. Reversed and remanded.

Joe W. Thomas, of Woodville, for appellants. Robt. A. Shivers, of Woodville, for appellees.

McMEANS, J. This is the second appeal of this case. The decision upon the first appeal is reported in 162 S. W. 375, to which we refer for a statement of the nature of the case and the issues involved. The last trial was had before a jury, but upon the conclusion of the testimony the court instructed the jury to return a verdict for defendants, which was done, and thereupon judgment was accordingly entered in favor of defendants awarding to them the care and custody of the four minor children of the defendant George C. Matthews. From this judgment the plaintiffs have appealed.

By an appropriate assignment of error appellants complain of the action of the court in instructing a verdict for the defendants.

[1-3] By a careful consideration of the evidence in the record we think that it was indisputably shown on the trial that George C. Matthews, the father, and Mrs. Minnie Matthews, the stepmother, were not disqualified to have the control and custody of the minors. That they were honorable and upright people the evidence leaves no room for doubt. They are poor, and not as well able financially to support and give them the comforts and advantages that the plaintiffs are, but this is not of itself any lawful reason for depriving defendants of the custody of the minors and reposing such custody in the plaintiffs. Nor can the fact that, as the evidence shows, the minors prefer to live with the plaintiffs, control in this regard, though entitled to some weight. While it has been often decided, and is now settled in this state, that it is a presumption of the law that the best interest of a child would be subserved by placing it in the custody of the father, nevertheless all the decided cases hold that the paramount consideration in such case is the welfare and best interest of the child. State v. Deaton, 93 Tex. 243, 54 S. W. 901; Hall v. Whipple, 145 S. W. 310.

[4] There was some evidence that the defendant George C. Matthews gave his children to the plaintiffs upon the death of his first wife, who was their mother, when they were of very tender age, and that he is now seeking to regain possession of them. There was also some evidence that subsequently, during a period of time in which the defendants had the custody of the children, they

did not receive that care and attention which their condition of life and health required, nor that the pecuniary circumstances of the father could have afforded them. We think that sufficient evidence of this character went before the jury to raise a fact issue as to whether it was for the best interest of the children to remain in the custody of the plaintiffs, who were the aunt and uncle, respectively, of the minors. This being true, it was the duty of the court to permit the jury, under appropriate instructions, to pass upon the facts, and it was error to take the case from them by a peremptory instruction to find for the defendant. In McGowan v. Railway, 85 Tex. 289, 20 S. W. 80, it is held that, where there is testimony, although meager, tending to support a material issue, the issue should not be withdrawn from the jury; and in many cases, too numerous to cite, but to which reference is made on pages 1307 and 1308 of Vernon's Sayles' Civil Statutes, it is held that it is only where there is an entire absence of testimony as to some allegation in plaintiff's petition necessary to a recovery, or where the facts proven leave no room for ordinary minds to differ as to the conclusion to be drawn from them, that the court should peremptorily instruct the jury. In Choate v. Railway, 90 Tex. 88, 36 S. W. 247, 37 S. W. 319, Judge Brown of our Supreme Court, after discussing the rule above stated, adds:

"A different rule applies to granting of new trials by the trial courts and Courts of Civil Appeals. Although there may be sufficient evidence in a case to require the court to submit it to the jury, yet, if the verdict rendered thereon is against the preponderance of the evidence to that degree which shows that manifest injustice has been done, the trial court may and should grant a new trial. The judge should not invade the province of the jury and take from it the decision of a question which properly belongs to it; neither should he abdicate the functions of his office and permit the prerogatives of the jury to be perverted to the accomplishment of a wrong."

For the error indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.