**H. HOUSEMAN, Appellant,**

v.

**Paul DECUIR, Appellee.**

No. 4991.

Court of Civil Appeals of Texas.

Beaumont.

July 15, 1954.

Rehearing Denied Oct. 13, 1954.

Judgment Reversed Nov. 2, 1955.

Hustmyre, Bruce & McKee, Orange, for appellant.

Sexton & Neff, Orange, for appellee.

WALKER, Justice.

The action is in trespass to try title, to recover the title to and possession of a tract of land containing 75.835 acres, less the minerals, which is located in the town of Vidor, in Orange County, and to recover damages for the conversion of timber grown on the land. The plaintiff is the appellee DeCuir. There were two defendants, namely, the appellant Houseman and the Houston Oil Company of Texas, but plaintiff took a non-suit as to the latter. Defendant Houseman had title to the land unless plaintiff's claim of title is good, and plaintiff claimed title under the 10-year statute of adverse possession, Article 5510, R.S.1925. The cause was tried to a jury who found, in response to the only Special Issue submitted, that plaintiff had complied with the statute just cited, by possession and use of the land for grazing purposes during 10 consecutive years or more between August 31, 1932 and February 14, 1945; and it was stipulated on trial that the reasonable value of the timber removed from the land by defendant Houseman's vendee of the timber was $5,050. The trial court accordingly rendered judgment in behalf of plaintiff against defendant Houseman for the title to and possession of the land and for the said sum of $5,050 as damages. From this judgment the defendant Houseman has appealed, assigning two Points of Error for reversal.

### Opinion

Point 2 assigns error to an argument by one of plaintiff's counsel. We agree with defendant Houseman that the argument was improper but think it was not of such importance as to make it a cause of the verdict. Point 2 is overruled.

Point 1 invokes this court's power to determine a question of fact. It assigns as error that the verdict "is so clearly against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust."

This court's power over questions of fact was discussed and defined on the two ap-

peals in Choate v. San Antonio & A. P. Ry. Co., 90 Tex. 82, 36 S.W. 247, 37 S.W. 319 and 91 Tex. 406, 44 S.W. 69, respectively: On the first appeal, the court said, at 90 Tex. at page 88, 37 S.W. 319: "We think this the correct rule, and that the court is not justified in taking from the jury a question of fact except in case the evidence is such that there is no issue made for the jury to determine. A different rule applies to the granting of new trials by the trial courts and courts of civil appeals. Although there may be sufficient evidence in a case to require the court to submit it to the jury, yet if the verdict rendered thereon is against the preponderance of the evidence, to that degree which shows that manifest injustice has been done, the trial court may and should grant a new trial. The judge should not invade the province of the jury, and take from it the decision of a question which properly belongs to it. Neither should he abdicate the functions of his office, and permit the prerogatives of the jury to be perverted to the accomplishment of wrong."

Nevertheless, the belief that the Court of Civil Appeals has no real power over the facts of a case seems always to persist. In reply to Point 1 the plaintiff argues (under Counter-point 1) that the verdict must stand if there is any evidence to support it. This argument is inconsistent with the decisions cited above. It actually applies only to the assignment of *no evidence;* and in Re King's Estate, 150 Tex. 662, 244 S.W.2d 660, the Supreme Court so held, stating that it did not apply to the exercise by this court of our power to determine a question of fact. We note that in this decision the court states the basic principle by which a Court of Civil Appeals is to determine the sufficiency of evidence in terms like those used in Choate v. San Antonio A. P. Ry. Co. This principle has been stated in other terms by the Supreme Court. Thus, in Hopson v. Gulf Oil Corporation, 150 Tex. 1, 237 S.W.2d 352, at page 358, the court says that "the Court of Civil Appeals may reverse the trial court's judgment and remand the case for another trial, when it finds that the verdict is so contrary to the

great weight and preponderance of the evidence as to be clearly wrong." The rule was substantially so stated in Briscoe v. Bronaugh, 1 Tex. 326 at page 340. So *manifest injustice* and *clear wrong* have the same meaning.

 The question, then, is whether on consideration of the entire evidence we can say that the verdict is *clearly wrong* or that it was a *manifest injustice.* This question is not an easy one to solve. We have given it much consideration and we find impeaching circumstances in the plaintiff's own testimony and in that of his witnesses. Nevertheless, it is our conclusion that on the entire evidence we would not be authorized to set aside the verdict.

Point 1 is therefore overruled and the judgment is affirmed.