**GULF, COLORADO & SANTA FE RAILWAY COMPANY, Appellant,**

v.

**BALLINGER COOPERATIVE GIN COMPANY, Inc., Appellee.**

No. 10890.

Court of Civil Appeals of Texas.

Austin.

Nov. 8, 1961.

Rehearing Denied Dec. 6, 1961.

Hudson, Keltner, Jordan, Smith & Cunningham, Fort Worth, for appellant.

Upton, Upton, Baker & Griffis; Richard W. Davis, San Angelo, Paul Petty, Ballinger, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment of the District Court denying appellant recovery for negligent destruction of its bridge in Ballinger, Texas, based on a jury verdict finding in answers to Special Issues Nos. 38, 39 and 40 that appellant was guilty of contributory negligence in certain particulars.

The jury in answers to primary issues found that appellee was negligent in certain particulars, but in answers to the issues above noted found appellant guilty of negligence in permitting "weeds and trash" to accumulate on the "bridge premises," which was a proximate cause of the fire.

The appeal is founded on seven points assigned as error and are that the Court erred in submitting Special Issues Nos. 38, 39 and 40, and that the answers of the jury to these issues are not supported by any evidence, or alternatively are not supported by sufficient evidence of probative force, or in the further alternative, such answers are against the overwhelming weight and preponderance of the evidence and that as a matter of law the unsupported issue of fact to the effect that appellant failed to keep the "bridge premises" free of "weeds and trash" found by the jury could not be a proximate cause of the burning of the bridge.

The jury found that appellee was guilty of negligence in 23 of the 25 issues of primary negligence and appellant in two fact issues of negligent, and of the 15 issues of contributory negligence only issues Nos. 38, 39 and 40 were found against appellant, which inquired whether the railway company failed to keep the "bridge premises" free of "weeds and trash" and if so whether this was negligence and if negligence, whether it was a proximate cause of the fire to the bridge.

The issues objected to and the submission of which is the basis of this appeal, read:

"Do you find from a preponderance of the evidence that immediately prior to the fire on Plaintiff's bridge the railroad failed to keep the bridge premises free of weeds and trash? Answer Yes or No.

"Answer: Yes.

"If you have answered the foregoing issue 'yes' then you will answer the following issue, otherwise you will not answer same:

"39. Do you find from a preponderance of the evidence that the failure, if any, of the railroad to keep the bridge premises free of weeds and trash immediately prior to the bridge fire on November 25, 1959, was negligence? Answer Yes or No.

"Answer: Yes

"If you have answered the foregoing issue 'yes' then you will answer the fol-

lowing issue otherwise you will not answer same:

"40. Do you find from a preponderance of the evidence that the failure, if any, of the railroad to keep the bridge premises free of weeds and trash immediately prior to the bridge fire on November 25, 1959, was a proximate cause of said fire? Answer Yes or No.

"Answer: Yes."

Appellant contends that the above issues were too broad and general and failed to limit the inquiry of the jury with regard to the weeds and trash, and further that there was no evidence or insufficient evidence to support the submission of the three issues or to support an affirmative answer to such issues.

Appellant in its petition alleged that it owned, operated and maintained a railroad track through Ballinger and also owned and maintained a railroad bridge in Ballinger, Texas, located in fairly close proximity to Ballinger Cooperative Gin Company, and alleged the location and size of the piles of hulls or burrs and of the operation of a lint burner where refuse from the gin was burned; that the pile of hulls or burrs was set on fire and that a high wind was blowing and many sparks or embers were blown onto the wooden bridge. Appellant further alleged negligence in certain particulars by the Gin Company and that such was a proximate cause of the fire which destroyed the bridge.

The Gin Company answered by general denial and that the fire which damaged the bridge was from campfires under the bridge or by sparks from plaintiff's trains, constituting a new and independent cause of the fire to the bridge; further answer was acts of negligence by the authorized agents and employees of plaintiff, singly or in concurrence and were a proximate cause of the fire, setting out a number of acts, the last of which was that plaintiff "failed to keep the bridge premises free of weeds, trash and debris."

We believe that Issues Nos. 38, 39 and 40 fairly submitted the fact issues to the jury and the words "bridge premises" were subject to the usual interpretation and were understood to be the bridge and right of way over which the bridge was constructed and were in substance the same as the allegations made by appellant.

We do not believe that there is any evidence to support the jury finding that the failure to keep the bridge premises free of weeds and trash was a proximate cause of the burning of the bridge.

A fire was started in the pile of cotton burrs left in the open by the Gin Company and was found by the jury to be negligence and a proximate cause of the fire which started on the bridge. The jury also found that the agent for the Gin Company left the burr pile and went elsewhere immediately prior to the time the fire in the burr pile was discovered, and that this was negligence and a proximate cause of the fire on the bridge. The Gin Company through its agents, servants and employees was guilty of other acts of negligence which were a proximate cause of the fire. There is no question as to the sufficiency of the evidence to support the jury's findings in connection with these issues.

The Railway Company was acquitted of any acts of negligence in connection with the origin of the fire or of any other acts of negligence except as the jury found in answer to Special Issues 38, 39 and 40, and as we have stated there was no evidence to support the jury's finding that any acts of the Railway Company was a proximate cause of the fire.

Mr. Collier, Chief Engineer of the railroad in the area in which Runnels County is situated, testified that his dominion extended to the bridge and the equipment and trackage in Runnels County. Mr. Collier further testified that in order to rebuild and replace the bridge, everything necessary to build a bridge was used and that the area was completely burned clean.

D. M. Barnhardt, a witness for appellant, on cross-examination, testified that there was a considerable amount of brush and a lot of dead weeds near the approach to the bridge. He further testified that:

"Q. Let me ask you this, * * * as a matter of fact, between this burr pile and down to the bridge there was, and remained even after the fire was extinguished, quite a little area of dead Johnson grass, weeds, and things of that kind, that never did catch fire; that's right, isn't it? A. Yes, sir."

Mr. Selby, a witness called by plaintiff, testified that he noticed an unusual amount of debris or growth and tumbleweeds around the bridge and on cross-examination testified that the Johnson grass and weeds were very dry and susceptible to sparks, and further:

"Q. As a matter of fact, Mr. Selby, isn't this a fact, that even after the fire was well under way and burning there was a stretch of area in between the burr pile and the bridge itself, of Johnson grass, weeds, first one thing and another like that, readily ignitable substance, that never did catch fire? A. That's right."

Mr. Romfeld, called by plaintiff, testified in reply to a question by defendant's attorney that there was, at the scene of the fire, a good deal of dead grass and weeds down in the area of the bridge.

Jack Fry, the manager of appellee gin company, was asked the following question:

"Q. About 150 yards, and between the burr pile and the bridge itself was there, and did there remain after this fire was all over, a broad area there where there was dry vegetation, Johnson grass that had been killed by the frost, brush, things of that kind?"

The answer by Fry was "Yes, sir."

No one testified that the lower part of the bridge or the bridge pilings was on fire, when they arrived at the scene,—in most cases, sometime after the fire actually started. Mr. W. N. Selby, the fire chief, testified that when he arrived at the scene the bridge was practically all on fire, but "not all the way to the bottom," but that it was burning pretty well from midway up. He further testified as follows:

"It would seem likely it started at the top and which was burning down; I mean, it wasn't all the way to the ground, but it was when we got there. It was burning, I would say from maybe halfway up, or maybe a third of the way up at the top."

Mr. J. T. Clemons, Track Supervisor for appellant, testifying, the following questions were asked and answers elicited:

"Q. At that time what part or parts of the bridge were burning? A. As far as I can see for fire and smoke it was burning all the way across on top, the piling, all of it.

Q. Was it burning underneath or on the pilings yet at that time? A. Piling, the piling was burning; the bridge ties; the timber that was on it looked like was afire.

Q. Did most of the fire seem to be on top on the decking? A. Yes.

Q. That was at three o'clock? A. Yes."

■ We are bound to view the evidence in the light most favorable to the verdict, and as well consider only the facts and circumstances favorable to the issues and to disregard all contrary and conflicting evidence thereon and indulge every legitimate reference tending to uphold the verdict.

■ In determining a "no evidence" point the accepted test, viewed under the rules stated above, is that if reasonable minds could differ as to the conclusion reached, the jury finding must stand. Choate v. San Antonio & A. P. Ry. Co., 90

Tex. 82, 37 S.W. 319; Rule 451, Texas Rules of Civil Procedure.

4 Tex.Jur.2d Sec. 838, p. 395, states the governing rule to be observed when considering sufficient evidence.

■ Special Issue No. 40 inquiring whether appellant's failure to keep the bridge premises free of weeds and trash was a proximate cause of said fire, was a question of fact to be determined by the jury under the evidence as a whole and in the light of the entire record but there must be evidence to support such an issue and we are unable to find any such evidence in the record. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.[1]

There does not appear to be any testimony as to how and where the fire actually commenced on plaintiff's premises and circumstantial evidence was relied on.

Mr. Selby testified that he had no idea what actually caused the fire or where the fire came from or originated. Another witness testified that he did not see sparks or embers blowing from the burr pile.

Appellee's counterpoint No. 2 is to the effect that appellant has waived any possible error in the use of the term "bridge premises" in Issues Nos. 38, 39 and 40, because appellant did not submit or request any definition or explanatory instructions.

The objection to the submission of the three issues was that they were too broad and general and did not limit or restrict the jury to a consideration of weeds and trash only on property owned by appellant.

It was incumbent on plaintiff to request and submit a definition, or explanatory instruction in writing and tendered in substantially correct wording, and failing to do so cannot be heard to complain on appeal. Rule 279, T.R.C.P.; Malone-Hogan Hospital Clinic Foundation, Inc. v. City of Big

Springs et al., Tex.Civ.App., 288 S.W.2d 550, error ref., N.R.E.

The judgment of the Trial Court is reversed and judgment rendered for appellant.

Reversed and rendered.

---

1. "No evidence" and "insufficient evidence" Points of Error by Justice Robert W. Calvert, Texas Law Review, Vol. 38, No. 4, p. 361.