MURPHY *v.* THE ATLANTA & WEST POINT RAILROAD CO.

Under the facts disclosed by the evidence in this case, it appears to the satisfaction of a majority of this court that the injury received by the plaintiff resulted from a mere accident, and was not due to any negligence on the part of the railroad company or its servants. The presumption of negligence which the law raises against the company was rebutted by the evidence introduced by the plaintiff himself, and the court therefore did not err in granting a nonsuit.    *Judgment affirmed.*

BLECKLEY, C. J., dissenting. When a passenger upon the train of a railroad company is injured by a direct act of one of the company's servants in suddenly opening a closet door, the statute (Code, §3033) presumes the servant was negligent in performing the act, unless the contrary affirmatively appears. So long as the evidence discloses nothing for or against the servant's diligence, the presumption of negligence prevails and no theory of accident can arise. In view of this rule of law and its application to the facts of the present case, the court erred in granting a nonsuit. The evidence adduced by the plaintiff changed the *onus*, and cast the burden of explanation upon the company.

August 27, 1892.

Railroad passenger. Negligence. Before Judge FREEMAN. City court of Newnan. July adjourned term, 1891.

The plaintiff sued for damages, and was nonsuited. His testimony makes the following case : He bought a

first class ticket for the usual fare, and boarded the defendant's passenger-train. He went into the first class car and looked through it for a seat, and asked several if he could take a seat by them. Each one replied the seats were taken. Several seats were occupied by drummers and others by their luggage. He took a stand in the aisle near the water-closet, braced his left hand on the door of the closet, and caught hold of the arm of the seat on the opposite side with his right hand, to steady himself and prevent the motion of the cars from throwing him down. He gave the conductor the ticket. He did not ask the conductor for a seat, but Baker, who boarded the train at the same station with him, asked the conductor for seats for both of them (they were standing together); and the conductor said he would try to get them seats. The plaintiff saw nothing more of him. After traveling about seven miles to the next station the train stopped, and plaintiff went into the next coach to get a seat, and finding none vacant, at once returned into the first-class coach and resumed his stand as before. The train again moved, and after going about half a mile, the defendant's flagman came through the car, approaching the plaintiff from behind, and suddenly opened the door of the closet and looked in. The plaintiff was standing talking to Baker. As the door opened his fingers immediately slipped into the crevice next to the hinges, and the flagman suddenly closed the door before plaintiff had time to remove his hand, catching his middle and third fingers between the shutter and facing and crushing them. He did not know the fingers were in till they were crushed, it was so sudden. The flagman bound them up with a handkerchief, expressing sorrow for the accident. There was nothing to prevent his seeing the position of plaintiff's hand. The injury is permanent.

v 89-53

BIGBY, REED & BERRY and W. A. TURNER, for plaintiff.

CALHOUN, KING & SPALDING and P. H. BREWSTER, for defendant.