St. Louis & San Francisco Railway Company v. L. C. Neely.

Decided March 23, 1907.

1.—Personal Injury—Passenger—Passing from Coach to Coach—Railway v. Overall, 82 Texas, 247, Distinguished.

A passenger who for a proper purpose passes from one coach to another of a railway train while in motion does not assume the risk of having his fingers mashed in the door jamb by the negligent closing of the door by the train porter. The facts in the case of Texas & P. Ry. Co. v. Overall, 82 Texas, 247, are distinguishable from the case at bar, and the rule therein announced does not apply to this case.

2.—Same—Damages, not Excessive.

A verdict for $600 is not excessive where the evidence showed that as a result of the injury two of plaintiff's fingers were stiff, crooked and tender one year and five months after the injury, that he lost three weeks from work and that his earning capacity was permanently impaired.

Appeal from the District Court of Dallas County. Tried below before Hon. Richard Morgan.

*Alexander & Thompson* and *C. H. Yoakum,* for appellant.—The court erred in that portion of its charge as follows: "If you find from the testimony before you, that on or about the 22d day of October, A. D. 1904, while the plaintiff was a passenger on one of defendant's passenger trains, the defendant's train porter, in closing the door in one of the cars in said train, injured plaintiff's hand, and that such injury was caused by negligence of such train porter, then, unless you further find from the testimony before you, that plaintiff was himself guilty of said negligence which contributed to the cause of said injury, plaintiff is entitled to verdict." Because said charge, as quoted, restricted the jury to issues recited therein, and ignored the issue of assumed risk on the part of plaintiff, as plead by the defendant in its answer, and sustained by the evidence. Sickles v. Missouri, K. & T. Ry. Co., 13 Texas Civ. App., 437; Texas & Pac. Ry. Co. v. French, 23 S. W. Rep., 643; Texas & Pac. Ry. Co. v. Bryant, 27 S. W. Rep., 826; Texas & Pac. Ry. Co. v. Overall, 82 Texas, 247; Gulf, C. & S. F. Ry. Co. v. Davidson, 61 Texas, 204; Scott v. Texas & Pac. Ry. Co., 93 Texas, 629.

*Marcus M. Parks,* for appellee.—The doctrine of assumed risk has no application in law to parties occupying the contractional relation of

carrier and passenger, where through the carrier's servant's negligence the passenger is injured. Sickles v. Missouri, etc., Ry. Co., 13 Texas Civ. App., 437.

"Negligence is the proximate cause of whatever results therefrom by an unbroken chain of cause and effect, whether the particular result was reasonably to be anticipated or not; that is, if negligence is such that some injury is likely to result therefrom, then it is the proximate cause of whatever injury does actually so result." Cooley on Torts (third edition), p. 127. And there being evidence that the porter saw the plaintiff while in the act of entering the door, as the porter was making his exit, and when the porter suddenly closed the door upon the plaintiff, the porter (he being a prudent, cautious and competent porter) could foresee that some injury, by thus closing the door upon plaintiff, was likely to result to the plaintiff, it was immaterial as to what part of plaintiff's anatomy was injured, or as to whether the porter saw the plaintiff's fingers before they were injured. Texas & Pac. Ry. Co. v. Carlin, 111 Fed. Rep., 777, 49 C. C. A., 605; Eames v. Texas & N. O. Ry. Co., 63 Texas, 665; Jones v. George, 61 Texas, 346.

BOOKHOUT, Associate Justice.—Appellee, as plaintiff below, sued appellant, as defendant, in the District Court of Dallas County, Texas, for damages on account of personal injuries alleged to have been sustained by plaintiff on the 22d day of October, 1904, while traveling as a passenger from St. Louis, Missouri, to Sherman, Texas. It was alleged that at a point between St. Louis and Springfield, Missouri, plaintiff's hand and fingers were mashed, while plaintiff was going from one car to another in said train, by reason of the porter on said train wilfully, negligently and carelessly closing the door of the car, in such manner as to catch plaintiff's fingers and mash them. For answer defendant plead general denial; and for special answer, "that if any injury was sustained by plaintiff, as alleged in his petition, the same was the result of risks assumed by him in unnecessarily occupying a position of danger without the knowledge of the defendant.". And further as follows: "That such injury and damages as were sustained by plaintiff were caused and contributed to by the negligence of plaintiff himself." Judgment was rendered for the plaintiff, on the verdict of the jury, for $600 and defendant appealed.

*Conclusions of Fact.*—The appellee on the 22d of October, 1904, was a passenger on a train of appellant and was returning with his wife from the World's Fair at St. Louis. They were riding in a day coach which was just ahead of the smoker. Appellee, desiring to attend a call of nature, left the car in which he had been riding and started back to the smoker to use the closet of that car and while on the platform he took hold of the knob of the door of the smoker to open the door, when the train porter took hold of the inside knob of the same door to leave the car; the appellee stepped to the right of the vestibule and the porter opened the door and passed out. The porter saw appellee who had stepped to the right of the vestibule to let him pass, and who in order to steady himself had placed his right hand upon the side of the door not far from its hinges. The porter pulled the door to with a jerk and caught two of appellee's fingers, mashing the same. The appellee cried

out and a bystander placed his foot in the threshold of the door preventing it from closing or the fingers of appellee would have been cut off. The train porter was guilty of negligence in pulling the door of the smoking car to, knowing that plaintiff was attempting to enter the car, and had stepped aside to let him pass and could have anticipated that in closing the door as he did some such injury as appellee received might happen. The appellee was not guilty of contributory negligence in placing his hand upon the door of the car under the circumstances as shown, so as to steady himself. The car was in motion at the time, running at the usual rate of speed. By the mashing of his fingers appellee was injured and sustained damage in the amount of the verdict and judgment.

*Conclusions of Law.*—The appellant assigns as error a clause of the court's charge reading as follows: "If you find from the testimony before you, that on or about the 22d day of October, A. D. 1904, while the plaintiff was a passenger on one of defendant's passenger trains, the defendant's train porter, in closing the door in one of the cars in said train, injured plaintiff's hand, and that such injury was caused by negligence of such train porter, then unless you further find from the testimony before you that plaintiff was himself guilty of negligence which contributed to cause said injury, plaintiff is entitled to a verdict." It is claimed that this charge is erroneous in that it ignores the issue of assumed risk on the part of plaintiff. The defendant plead that if plaintiff was injured, his injury resulted from a risk assumed by him. The evidence did not raise the issue of assumed risk on the part of appellee. He was a passenger and it was not shown that there was any regulation of the carrier forbidding passengers to go from one car to another. Appellee desired to attend a call of nature and was passing from the car in which he had been riding and in which the closet was being used by ladies, to the smoker in search of a gentlemen's closet. The injury to appellee was not one which ordinarily results in going from one car to another, but resulted from the act of the train porter in closing the door after having discovered appellee attempting to enter the car. (Sickles v. Missouri, K. & T. Ry. Co., 13 Texas Civ. App., 437.)

It is contended that the trial court erred in refusing appellant's requested charge number 1, instructing a verdict for defendant. The proposition presented under the assignment raising this contention is, that the evidence being uncontradicted that the porter did not see plaintiff's hand at the time the door was closed and not being in a position to see it, the trial court should have directed a verdict in its favor. The case of Railway v. Overall, 82 Texas, 247, is cited in support of this proposition. While that case seems to support the proposition we think it distinguishable on the facts. In that case the facts were: (1) The train was standing still at Strawn at the time of the accident to Overall and Overall was standing upon the platform of the car, without any reason therefor: (2) While the train and Overall were so standing the car door was open and Overall took standing position on the platform leaning against the door facing with his hand voluntarily resting upon the jamb upon which the door was swung and with his little finger inside the cleat against which the door fitted when closed, and while the

said car and Overall were in the condition aforesaid the brakeman suddenly closed the door and the end of Overall's finger was caught between the cleat and door and injured. (3) The only evidence that the brakeman saw Overall at the time of or before the accident, was the statement of Overall, that, "The man who shut the door could see me and see where my hand was when he shut the door." This evidence did not show that the brakeman saw Overall, or that he knew he was in a leaning position against the door facing, or that he knew or had any reason to believe that with the train standing a passenger would assume a position of danger or voluntarily, without any jostle or a moving train, place himself in a position of peril; nor did said facts so proved call for the exercise of any degree of care on the part of the brakeman.

In the case now before us it was shown that while a closet had been provided in the car in which plaintiff and his wife were riding, it was constantly in use by the ladies and it became necessary for plaintiff to go to another car in search of a closet and at the time of his injury he was on his way to the smoking car in search of a gentlemen's closet; that while on his way to the smoking car for said purpose, the train being in motion, he and the porter reached the door of the smoking car at the same time; the porter being in the act of making his exit therefrom and the plaintiff in the act of entering, that the porter saw plaintiff and the plaintiff saw the porter and stepped to the right to let the porter out of the door and that the porter suddenly closed the door thereby injuring plaintiff's fingers. The evidence does not show that plaintiff voluntarily assumed a position of danger, but that when he stepped to the right to let the porter pass, for the purpose of steadying himself, he placed his hand upon the side of the door and two of his fingers were mashed by the shutting of the door. There is no direct evidence that the porter saw plaintiff's hand upon the door, but he saw plaintiff and must have known that he would take some steps to steady himself from the movement of the train. He must have known that plaintiff was attempting to enter the car when they met, yet instead of turning the open door over to him or leaving it open for him to enter he suddenly closed it. The facts were sufficient to put the porter upon notice that the plaintiff would or might be injured in the manner he was, or in some such manner, by the sudden, and to the plaintiff, unexpected closing of the car door. We do not think this case is ruled by the Overall case and that in the case before us the train porter was guilty of negligence in closing the car door under the facts and manner as shown, and that his negligence is to be imputed to the defendant. It follows from these remarks that in our opinion the trial court did not err in refusing the charge instructing a verdict for defendant, or in overruling the motion for new trial, based on the ground that the verdict and judgment are without evidence to support them.

The special charge requested by defendant, the refusal of which is complained of in the fourth assignment of error, was fairly covered by the main charge of the court, and hence was properly refused.

It is assigned as error that the verdict is excessive. The uncontradicted evidence shows that two of appellee's fingers were badly bruised as a result of the accident, that at the time of the trial, one year and five months after the accident, his fingers were stiff, crooked and tender,

and that at the trial in verification of this fact he exhibited them to the jury for their inspection, that he lost three weeks from his work, worth to him from $2.50 to $3.00 per day on account of the injury to his fingers. We are not prepared to say that a verdict for six hundred dollars is excessive. Nor do we think there was error in submitting to the jury the issue of the impairment of plaintiff's ability to earn money. In addition to the evidence above set out he testified that he could not use his fingers as well as he could before they were hurt.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*

Writ of error refused.