CORDELIA R. MARTIN, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 17, 1909.

PASSENGER CARRIERS: Personal Injury: Evidence: Action. Evidence relating to the closing of a door by a brakeman, where the passenger's little finger was momentarily resting on the hinge facing of the door whereby the finger was crushed is reviewed and the brakeman held not guilty of negligence, and that an action by the passenger was not maintainable. [Cases distinguished.]

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell*, Judge.

REVERSED.

*Elijah Robinson* for appellant.

(1) There was no evidence of negligence on the part of defendant's brakeman. (2) The plaintiff's injuries were the result of an accident, for which the de-

fendant was not at fault.    Sawyer v. Railroad, 37 Mo. 262; Henry v. Railroad, 113 Mo. 555; Feary v. Railroad, 162 Mo. 99.    (3)    Plaintiff's evidence shows that she was guilty of contributory negligence.    Weber v. Street Railroad Co., 100 Mo. 201; Petty v. Railroad, 88 Mo. 306; Wagoner v. Railroad, 118 Mo. App. 246; Romine v. Railroad, 56 N. E. 245; Moore on Carriers, p. 866, and cases there cited; 5 Am. & Eng. Ency. of Law, p. 645.

*W. H. Hallett* and *C. C. Madison* for respondent.

(1)    The record affords evidence showing that the injury to plaintiff was clearly the result of the failure of the brakeman to exercise due care and the case was therefore properly submitted to the jury.    Romine v. Railroad, 56 N. E. 245; Wagoner v. Railroad, 118 Mo. App. 246; Och v. Railroad, 130 Mo. 27; Cobb v. Railroad, 149 Mo. 135; Baker v. Manhattan Railroad, 118 N. Y. 533; Fleming v. Railroad, 101 Mo. App. 217.    (2) Plaintiff's instruction number one is supported by the evidence and exacted of defendant only that degree of care due from a carrier to its passengers in such circumstances.    The authorities are a unit upon this question.    Och v. Railroad, 130 Mo. 51; Evers v. Ferry Co., 116 Mo. App. 138; Cobb v. Railroad, 149 Mo. 152; Wagoner v. Railroad, 118 Mo. App. 251; Sullivan v. Railroad, 133 Mo. 1.

ELLISON, J.—Plaintiff suffered personal injury while riding as a passenger on one of defendant's trains. She charged that the injury was occasioned by the negligence of defendant and brought this action for damages and recovered judgment in the trial court.

It appears that plaintiff was accompanied by her little boy, who became thirsty and she went to the lavatory where the water cooler was and brought a drink to him.    In returning the glass she opened the door of the lavatory, put the glass in its place, closed the door and to steady herself (the car was running rapidly

and swaying some) she threw her left hand up against the side of the lavatory, at or so near the "hinge side" of the door that her little finger was over the division line between the door and door jamb on which it was swung.  At that moment one of defendant's brakemen came up behind her, opened the door and went in for a drink and closed it.  As he opened it, her little finger fell into the crack thus made and was caught and crushed when he closed it.  It was not shown that she knew her finger rested over the hinge line of the door, nor that the brakeman knew of its position.  When her finger was crushed she screamed and the brakeman came. out quickly and took hold of her hand, saying "Oh, what have I done," and then helped her to apply cold water. This statement is taken from the evidence given by plaintiff in her own behalf.

Does it show such state of facts, as applied to the law, as will afford a foundation for a charge of negligence on the part of the brakeman?  The law is that the carrier must exercise the highest degree of care for the safety of the passenger.  He is required to exercise more care for the passenger than the passenger is required to exercise for himself, for the latter is in the carrier's keeping and is only called upon to exercise ordinary care.

Yet we do not think a case was made.  The demurrer to the evidence should have been sustained. There is no ground within the limits of reason and common sense to charge the brakeman with negligence.  The plaintiff's hand was in its position but for a moment. She says that as she came out of the door the "car lurched" and "I just merely paused enough to steady myself to turn."  "I just threw up my hand for a moment to steady myself like that, and a lady was very near me there, you know; she made some remark to me and I turned," to go to her seat.  She was asked "Didn't you say you didn't have your hand there but an instant till you got pinched?"  She answered that she "only

just paused there to steady myself." She stated her attention was occupied "with keeping my feet; standing up." It is true that on re-direct examination she answered her counsel as to how long her hand was in that position: "Well, probably half a minute, or a little longer." Then, on re-cross-examination, she was asked "You said in examination in chief that you hadn't your hand there but an instant, and that you had it there just long enough to steady yourself and it closed on your fingers?" Her answer was, "Closed on my fingers." The statement as to her hand being probably in that place for half a minute would not affect the case, but it is clear that that expression is one of those uncertain statements of time to which importance cannot be attached. What she evidently did, as she repeatedly stated, was that she "threw" her hand up to the place while she steadied herself in her start towards her seat. It was a quick, involuntary act, in which her little finger rested for an instant over the division line of the door, and it seems bordering on the preposterous to say the brakeman should have noticed it.

Plaintiff insists she has a precedent for her claim that whether the brakeman was negligent was a question for the jury, in the case of Romine v. Railroad, 24 Ind. App. 230 (56 N. E. 245). That case was singularly like this in the occasion and nature of the injury; but it contains essential proof of negligence which this entirely lacks. There a passenger, an elderly man, was standing in the aisle at the rear car door, the upper half of which was glass, looking at the country. He had one hand resting upon the side of the lavatory, his little finger just over the division between the rear or hinge side of the door and the door facing. He had been standing in that position for some time when the conductor came up from the rear and, as was his custom in order to see if any one was inside, opened and closed the door of the lavatory quickly. As he opened it the passenger's little finger fell into the crack and was crushed by the closing.

The conductor saw him—noticed his position and its danger—for he at once caught his hand and said "Uncle, I am sorry, but I have ruined your finger. I saw you there, and I ought to have spoke to you before I opened the door." A majority of the court thought that made a case for the jury. On the matter of negligence the cases are wholly unlike. It will be observed that the brakeman's exclamation in this case did not convey any intimation of lack of care. The words "Oh, what have I done," were a truthful exclamation of sympathy for what he did, but by no means implied culpability.

Another case, that of Baker v. Railroad, 118 N. Y. 533, involved the crushing of a finger by the closing of a door. But that came about in a manner so different as to destroy its application here. It involved the sudden starting of a train and the sudden pitching forward of the passenger and the catching of her hand in a swinging door.

We feel bound to reverse the judgment and it is so ordered. All concur.