G. E. WARD, Respondent, v. THE KANSAS CITY
SOUTHERN RAILWAY COMPANY, Appellant.

Springfield Court of Appeals, April 14, 1915.

1. **CARRIERS: Personal Injuries: Negligence of Porter: Jury Question.** Action by passenger against a carrier for injuries occasioned by defendant's porter suddenly opening the door of the toilet room in the car thereby striking the plaintiff on the head and knocking him down. The question of the porter's excessive violence in opening the door was for the jury.

2. ———: ———: ———: **Liability.** The porter of defendant carrier suddenly opened the door of the toilet in the car to ascertain if anyone was in there before locking the door. The injury which resulted to plaintiff from being struck by the door was not an accident but was the result of the negligence of the porter and the carrier was liable.

Appeal from Jasper County Circuit Court.—*Hon. J. W. Halliburton*, Special Judge.

AFFIRMED.

*Cyrus Crane* and *J. W. McAntire* for appellant.

A passenger carrier is not liable for mere accidents or casualties which reasonable prudence could not foresee. 2 Hutchinson on Carriers (3 Ed.), secs. 900, 927; Ham v. Railroad, 24 S. E. 152; Murphy v. Railroad, 15 S. E. 774.

*Frank Lee* and *Howard Gray* for respondent.

(1) A railroad company, engaged in carrying passengers is required, so far as it is capable, by human care and foresight, to carry them safely, and it is responsible for all injuries to its passengers arising from even the slightest negligence on its part. Siegel v.

189MA20

Railroad, 172 S. W. 421. (2) The plaintiff testified that the door was opened with such force as to knock him down, and this of itself is evidenced that the servant was guilty of negligence in opening the door as he did. Dorsey v. Railroad, 83 Mo. App. 528; Mitchell v. Railroad, 132 Mo. App. 143. (3) In addition to this there is the proof of the statement of the servant opening the door, showing guilty knowledge when he requested the plaintiff to say nothing about it that he would lose his job if he did. As to what the servant said at the time is a matter of importance in determining the question. Martin v. Railroad, 137 Mo. App. 694. This statement was a part of the *res gestae*. Wagner v. Railroad, 118 Mo. App. 239.

STURGIS, J.—Plaintiff sues for alleged personal injuries received by him while a passenger on one of defendant's trains running from Kansas City, Missouri, to Joplin, Missouri. According to the evidence most favorable to plaintiff, the injury occurred as the train approached Joplin early in the morning; that plaintiff went into the toilet of the chair car, the door of which opened inwardly, and after using the stool was just arising therefrom and while yet in a stooping position leaning forward the colored porter on the train suddenly and violently pushed the door open, causing the same to strike forcibly against plaintiff's forehead, throwing him backward and severely injuring his head and hip; the hip was injured by his being thrown back on the stool. The case is grounded on the negligence of defendant's employee in thus violently and with unnecessary force throwing the door open against and striking plaintiff to his injury; and by an instruction given for defendant the plaintiff could not recover unless the jury found that the opening of the door was in an unusual and violent manner and not in the usual and ordinary way of opening the toilet room door. The verdict for plaintiff is for $500 and defendant appeals.

The defendant insists that there is no evidence to sustain the instruction submitting the case to the jury on the theory of excessive violence being used in opening the door and for the same reason its demurrer to the evidence should have been sustained. In this connection the defendant admits that there is no ground for holding that the verdict is excessive in the amount of damages awarded. It seems to us that the amount of damages suffered by plaintiff must be in proportion to the extent of his injuries and the extent of his injuries, being wholly the direct result of the blow, must be in direct proportion to the violence of such blow. So, if plaintiff's head was so badly cut and lacerated by the door striking him and his hip was so bruised by his being violently thrown backward onto the stool that he was confined to his home for three or four weeks, received medical attention for both injuries and suffered damages to the extent of $500, as is conceded he did, from his physical injury, bodily pain and mental anguish and loss of earnings, these facts have a strong tendency to prove the violence of the blow received. In addition to the direct evidence as to the violence of the blow, to the effect that the door was opened with sufficient force to lacerate plaintiff's head, knock him down and bruise his hip against the stool, the jury had a right to judge the violence of the blow by the extent and severity of the injuries as shown by medical and other evidence. [Dorsey v. Railroad, 83 Mo. App. 528, 531; Mitchell v. Railroad, 132 Mo. App. 143, 151, 112 S. W. 291.] It is also in evidence that the porter who opened the door, on seeing how plaintiff was injured, at once begged him not to report him as he would likely lose his job. We must, therefore, rule this point against the defendant.

It is also insisted that plaintiff did not make a case for the jury in that the occurrence resulting in plaintiff's injury must, under the circumstances shown and as a matter of law, be classed as an accident and to fall

within the rule that a carrier of passengers is not liable for mere accidents or casualties which reasonable prudence could not foresee. [2 Hutchinson on Carriers (3 Ed.), sec. 900.] This statement of the law, however, should be taken in connection with the oft-repeated rule, lately expressed in Siegel v. Railroad, 186 Mo. App. 645, 172 S. W. 420, 422, that: "The law is well settled that a railroad company, engaged in the carriage of passengers, is required, so far as it is capable by human care and foresight, to carry them safely, and it is responsible for all injuries to its passengers arising from even the slightest negligence on its part." In this connection it is argued, and we concede, that the evidence shows it was usual and proper on approaching a city like Joplin, where a considerable stop is made, for the employees on the passenger train to close and lock the toilets and on doing so to open and close such doors. It is argued that when the employee did this there was not the slightest evidence that such employee had any reason to suspicion that there was anyone in the toilet, or in such an attitude as to receive injury by the door striking him. But why was it customary and why on this particular occasion did the employee open the door of the toilet before locking it other than to ascertain that he was not locking in some user of the toilet? Certainly he knew that the toilet was being frequently used and some one was likely to be in there at any time. The defendant's brakeman testified that the purpose of opening the door before locking it was to ascertain "if there was anybody in it," and this confirms what the jury could rightfully infer from the other facts. The evidence further shows that the toilet was small, not over three and a half by four feet, and the stool so located that the door could miss it only by a short space. That a person using this small toilet would be in such a position as to be struck by the violent opening of the door is not so improbable as to class this occurrence, as a matter of law, as a mere accident

which could not be foreseen by the use of that high degree of care imposed on passenger carriers. The jury found, on an instruction given for the defendant, that plaintiff's injuries were not merely the result of an accident. The very fact that the employee was opening the door into this small space where passengers had a right to be *to see if some one was in there* should have prompted such employee to do so in a reasonably careful manner and without unnecessary violence.

It is true that this is an unusual case and we are not cited to any case like it in the books, but that may be largely due to the fact that employees of passenger carriers do not, frequently at least, open such doors in the violent manner here shown. We are cited to a number of cases, somewhat analogous to this, where passengers have received injuries by placing their fingers in the jams of doors, or on door frames, in such manner that when the doors were opened or closed by the servants of the railroad companies the passengers' fingers were mashed, and in which the courts hold that there is no liability because there was no reason why the employees should anticipate that the passengers had so placed their hands as to be thus injured. [Ham v. Railroad (Ga.), 24 S. E. 152; Murphy v. Railroad (Ga.), 15 S. E. 774; 2 Hutchinson on Carriers (3 Ed.), sec. 927.] Such also is the case of Martin v. Railroad, 137 Mo. App. 694, 119 S. W. 444. That case is distinguished from Romine v. Railroad, 24 Ind. App. 230, 56 N. E. 245, in that the facts in the latter case tend to show that the employee who opened the door should have known that the injured person was in a position such that the injury was likely to occur. This same distinction is present in this case.

It results, therefore, that the judgment should be affirmed.

*Robertson, P. J.,* and *Farrington, J.,* concur.