SCHAFF v. GORDON. (No. 8153.)

(Court of Civil Appeals of Texas. Dallas. June 7, 1919. Rehearing Denied July 5, 1919.)

1. CARRIERS ☞320(24)—INJURY TO PASSENGER—CLOSING OF DOOR—NEGLIGENCE—JURY QUESTION.

In passenger's action for injuries to hand from closing of car door, question of car employé's negligence in closing door after passenger had placed hand on door jamb to steady himself after stepping aside to permit employé to pass *held* for the jury.

2. CARRIERS ☞320(30)—INJURY TO PASSENGER—CLOSING OF DOOR—PROXIMATE CAUSE—JURY QUESTION.

Whether train porter's negligence in closing door after passenger had placed his hand on door jamb to steady himself after stepping aside to permit porter to pass was direct cause of injuries to passenger's hand sustained in the closing of door *held* for the jury.

3. CARRIERS ☞347(6)—INJURY TO PASSENGER—CLOSING OF DOOR—CONTRIBUTORY NEGLIGENCE.

Whether passenger standing in vestibule of train was negligent in placing hand on door jamb to steady himself after stepping aside to let porter pass *held* for the jury.

4. CARRIERS ☞302(3)—PASSENGERS—NEGLIGENCE OF EMPLOYÉS—LIABILITY OF CARRIER—CLOSING AND OPENING OF DOOR.

Carrier is generally liable for injury caused by employé's negligence in opening or closing car door without warning passenger in so close proximity thereto that opening or closing of door is likely to injure him.

5. CARRIERS ☞318(1)—INJURY TO .PASSENGER—SUFFICIENCY OF EVIDENCE.

Evidence *held* to show that porter in closing` car door knew that passenger's hand was upon jamb thereof.

6. CARRIERS ☞280(1)—INJURIES TO PASSENGERS.

Carrier is not insurer against personal injury.

7. CARRIERS ☞302(3)—CARRIAGE OF PASSENGERS—DUTY OF TRAINMEN.

Train employé, in closing door, is charged with the duty of exercising that high degree of care and vigilance to prevent injury to passenger that a very prudent, cautious, and competent person would have exercised; failure to exercise such care constituting negligence imputable to the carrier.

8. CARRIERS`☞318(1)—INJURY TO PASSENGER—NEGLIGENCE PROXIMATE CAUSE—EVIDENCE.

Evidence *held* to show that porter in closing door after passenger had placed hand upon door jamb to steady himself in stepping aside to let porter pass was negligent, and that such negligence was proximate cause of injuries to passenger's hand.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by C. E. Gordon against C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company of Texas, and another. Judgment for. plaintiff against defendant named, and he appeals. Affirmed.

Chas. C. Huff and J. M. Chambers, both of · Dallas, for appellant.

`Carden, Starling, Carden, Hemphill & Wallace, of Dallas, for· appellee.

TALBOT, J. The appellee, C. E. Gordon, sued the appellant, C. E. Schaff, as receiver of the Missouri, Kansas & Texas Railway Company of Texas, and the Pullman Company, to recover damages in the sum of $3,000, alleged to have been sustained on account•of injuries inflicted by the negligent closing of a Pullman car door upon appellee's hand and fingers.

There is no controversy over the pleadings. The case was tried before a jury, submitted

---

upon special issues, and upon the findings of the jury judgment was rendered in favor of the appellee against the appellant for the sum of $500, and in favor of the Pullman Company. The appellant's motion for a rehearing being overruled, he perfected an appeal. No appeal from the judgment in favor of the Pullman Company was prosecuted.

At the close of the evidence the appellant, by motion in writing and by a special charge, requested the court to direct the jury to return a verdict in his favor. This motion of the appellant was overruled, and said special charge was refused. The appellant excepted to these rulings of the court and by several assignments of error complains of them in this court. The propositions contended for may be stated as follows: First, the evidence fails to raise any issue of negligence on the part of appellant or its servant who closed the door, whereby appellee's fingers were injured; second, the evidence fails to show that appellee's injury was the proximate result of negligence on the part of appellant's servant who closed the door; third, the evidence conclusively shows that appellee was guilty of contributory negligence in having his fingers in the crack of the door until they were caught. In support of these propositions appellant cites Railway Co. v. Overall, 82 Tex. 247, 18 S. W. 142.

The facts are without dispute and are substantially as follows: The Missouri, Kansas & Texas Railway Company of Texas was, at the time of the accident in question, in the hands of the appellant as receiver, and the Pullman coaches in the train upon which the accident occurred were being used by the receiver as vehicles for the carriage of passengers. The appellee, at the time of receiving the injury complained of, was a passenger upon the train of said receiver en route from Dallas, Tex., to St. Louis, Mo.; his transportation including Pullman accommodations. The lines of railway then being operated by appellant and the train upon which appellee was a passenger crossed Red river a few miles north of Denison, Tex. As the train upon which appellee was a passenger was leaving Denison the appellee, accompanied by Jess Hassell, boarded the rear car, and, passing through two or three coaches, reached the vestibule of the Pullman car in which they had their reservations. When appellee and his friend, Hassell, reached this vestibule, the door leading from it into the Pullman car was standing open, being so held by a catch attached to the inside wall of the car. Attached to the door was an oil lamp check spring which prevented the door from slamming shut when released from the catch on the wall and caused it to close gradually. If the door was pushed with sufficient force to close it instantly it would break the check. The floor of the vestibule of the car consisted of a platform immediately in front of the car door. On either side of this platform were trapdoors which shut down over the steps of the platform leading up from the outside. These trapdoors were down, and they, with the platform, make the floor of the vestibule about seven feet long across the end of the car and three feet wide from the end of the car and car door to the rear wall of the vestibule. The door in the end of the car was about three feet wide. When appellee and his friend, Mr. Hassell, reached the vestibule of the coach in question the train was nearing Red river, and Mr. Hassell suggested to appellee that they stop and see the Frisco bridge over the river, which was east of the bridge of the Missouri, Kansas & Texas Railroad and over which appellee and Hassell were to pass, but appellee suggested that they go inside the coach. They stopped, however, on the platform, and remained there a minute or two with the view of seeing the bridge. Mr. Hassell was standing at and leaning against the end of the vestibule facing the end door of the car. The appellee, Gordon, was standing next to the end of the car. At this time the outside door of the vestibule which inclosed the steps on the east side was open. While appellee and Hassell were standing on the platform a negro porter came by, and appellee, standing next to the end of the car, stepped to one side to let him pass and placed his hand on the door jamb of the door in the end of the car with his fingers in such position that they could be caught and mashed by the closing of the door. The porter came from towards the rear of the train and passed through the vestibule going north in the direction the train was moving. When the porter got inside the car, without looking back and with his back towards appellee and Hassell, he took hold of the door with his right hand, pulled or jerked it from its fastening, passed on and the door closed, mashing appellee's fingers. According to the testimony of Mr. Hassell, he did not see the porter until he caught hold of the car door, and there is no positive testimony that the porter knew that appellee's hand was on the facing of the door or door jamb; nor does it appear that he knew of the accident. The porter did not stop on the vestibule, but passed right on through the end door into the coach, and from the inside released the door from the catch and caused it to close. The appellee, in stating how he got hurt, testified, in substance, that he and Hassell had stopped on the rear end of the Pullman in which they had their berths for possibly a minute or a minute and a half; that he was standing on the main part of the platform in front of the door preparing to go in, and Mr. Hassell says, "Let's stop and see the bridge;" that he said, "No; let's go in the smoker;" that about that time the porter was coming back of him; that he stepped out of the way and let the porter pass, and as

he did so he reached up and took hold of the door, inasmuch as the outside door, that is, the door from the vestibule to the ground, was open; that he did not see the porter's face and could not identify him; that he saw the porter when he took hold of the door and pulled it loose from the little bracket, and that the porter kept on going; that he was off his balance when he stepped out of the way and reached over with his hand to push the door open; and that he was in such a position that he could not very well push the door open. He further testified that it was the edge of the door where the hinges were attached which caught his fingers as that edge closed toward the jamb to which the door was hinged; that the door was stopped before it got clear to and locked; that his hand was in the jamb of the door when the negro passed through the door; that he had to step out of his way to let him by, and he passed by his (appellee's) hand while it was on the door jamb; that the porter did not stop and look at his hand, and that he did not know whether he saw it or not; that the porter passed right on by him, and as he went on inside he caught hold of the edge of the door on the knob or latch side, and as the door came shut he (appellee) caught it and kept it from coming entirely to, but that it closed sufficiently to catch and mash his fingers flat and cut them open to the first joint. The porter did not testify on the trial of the case.

The contention of the appellee is that whether appellant's servant in closing the door failed to exercise that degree of care for his safety as would have been exercised by a person of the highest degree of care and caution under the same or similar circumstances, and whether the injury to appellee's hand was the direct result of the want of such care on the part of said servant, and whether the appellee, in placing his fingers in the crack of the door and leaving them there until caught by the closing of the door, exercised such care for his own safety as a person of ordinary prudence would have exercised under the same or similar circumstances, become and were, under the evidence, issues of fact and properly submitted to the jury for their determination. To sustain this contention the case of Railway Co. v. Neely, 45 Tex. Civ. App. 611, 101 S. W. 481, is cited.

[1-4] The decision of the question presented has not been without difficulty, but we have concluded that the contention of appellee is correct. The issues just referred to were submitted to the jury, and their findings upon them are favorable to appellee. Some of the courts, it seems, have held that an adult passenger, who exposed himself to injury by placing his hand upon the jamb of a car door with his fingers in the crack of the door, was guilty of contributory negligence, as a matter of law. 3 Thomp. on Neg-

ligence, § 2987. But, as we understand, the weight of authority is to the effect that for an injury caused by the negligent closing of a car door, that is, a closing attributable to some act constituting negligence upon the part of the carrier, the carrier may be held liable unless it be shown that the injured party was guilty as a matter of fact of contributory negligence. So a carrier is generally liable for an injury to a passenger caused by the act of a servant who knows, or should know by the exercise of due care, that the passenger is in a position of proximity to a car door so that the opening or closing thereof is likely to injure the passenger, and opens or closes such door without warning the passenger. To this effect is the case of Railway Co. v. Neely, supra, and many cases of foreign jurisdictions that might be cited. There are, however, cases holding that a carrier is not liable for an injury to a passenger caused by the opening or closing of a car door by its servant when the servant had no reason to believe that the passenger was in a position where he was likely to be injured by such act. Among these cases are Murphy v. Railway Co., 89 Ga. 832, 15 S. E. 774; Hannon v. Boston El. R. Co., 182 Mass. 425, 65 N. E. 809; Martin v. Railway Co., 137 Mo. App. 694, 119 S. W. 444. Our conclusion is that the facts of the present case bring it within the general rule stated, and that the judgment appealed from may be sustained upon the authority of Railway Co. v. Neely, although the facts of the two cases are in some respects dissimilar.

[5] As we have shown, the appellee, Gordon, a passenger, for some undisclosed reason alighted from the train at Denison. When the train started at Denison he boarded the rear car and proceeded on his way to the Pullman car in which he had his reservation. When he reached the vestibule of this car, at the suggestion of his traveling companion, he stopped to see, when the train approached near enough, the Frisco bridge spanning Red river just east of the railroad upon which he was traveling. The door leading from the vestibule into the Pullman was standing open, and likewise the outside door of the vestibule on the east side was standing open. While the appellee was standing on the platform in the vestibule next to the end of the Pullman and near the open door leading into it, the porter, coming from the rear portion of the train, passed through the vestibule and the open door into the Pullman and closed the door. As the porter passed through the vestibule it became necessary for appellee to step to one side to allow him to pass. This he did, and in doing so he placed his hand on the jamb upon which the door was swung with his fingers in the opening between the door and the jamb, and when the porter closed the door appellee's fingers were caught and injured. Unlike the Neely Case, appellee and the porter were

not attempting to use or pass through the door at the same time, but like it there is no direct testimony that the porter saw appellee's hand upon the door jamb, but did see appellee. The facts are also similar in that it became necessary for appellee, in order to permit the porter to pass, to step to one side, and that as he did so he placed his hand upon the door jamb, and while in that position the porter passed him going into the Pullman, and, without warning or the exercise of any care to avoid injuring him by the act, closed the door. The effect of appellee's testimony is that because of having lost his equilibrium in stepping to one side to let the porter pass and because of the open door of the vestibule he placed his hand upon the door jamb. In view of the undisputed facts that appellee was directly in front of the porter as the latter approached the door to enter the car, his proximity to the appellee, and necessary range of vision at the time appellee stepped to one side and placed his hand upon the jamb of the door, it is almost inconceivable that he did not in fact observe and know the position of appellee's hand. Indeed, the conclusion is irresistible that he did see and know at the time he stepped into the car that appellee's hand was upon the jamb of the car door. But, as before stated, the porter did see appellee standing near the car door, and saw him step to one side to let him pass, and, as was similarly said in Neely's Case, since the train was moving and the outside door of the vestibule was open, he must have known that appellee would take some steps to steady himself and avoid the possibility of being thrown from the train through the open door of the vestibule. As was said in Neely's Case so may it be said with equal propriety in this case, the facts were sufficient to put the porter upon notice that the plaintiff would or might be injured in the manner he was, or in some such manner, by the unexpected closing of the car door.

[6, 7] In Carroll v. Boston St. Ry. Co., 186 Mass. 97, 71 N. E. 89, where a passenger was injured by the act of the conductor in sliding a door back when the passenger had his hand upon the jamb of the doorway with his thumb in a slot of the door, having placed it there to support himself against a sudden starting of the car, and there was evidence that the conductor was facing the passenger at the time and very near him, the court held that the conductor knew, or, if he had exercised due care, would have known, that the passenger's thumb was in the slot, and the carrier was held liable. While a carrier is not an insurer against personal injury, yet appellant's servant in closing the car door in question was charged with the duty of exercising that high degree of care and vigilance to prevent injury to appellee which a very prudent, cautious, and competent person would have exercised, and,

if he failed to perform that duty, he was guilty of negligence, and such negligence is imputable to the appellant. By stopping and standing on the platform of the car appellee did not forfeit his right to have appellant's servant, who knew of his position there, exercise for his safety the care and diligence stated, and it is not contended that in so doing he was guilty of contributory negligence; the contention being that he was guilty of such negligence in having his fingers in the crack of the door.

[8] In deference to the findings of the jury, which we believe were justified by the evidence, we hold that the porter was guilty of negligence in closing the car door, and that such negligence was the proximate cause of appellee's injury.

Do the facts show conclusively that the appellee was guilty of contributory negligence? This, like the question of negligence on the part of the servant of appellant who closed the car door, was, in our opinion, an issue of fact for the jury. The facts in relation to the issue of contributory negligence here are quite similar, we believe, to those upon that question in Railway Co. v. Neely, and this court held, in effect, that they presented a question of fact, and not one of law. Our Supreme Court, in Lee v. Railway Co., 89 Tex. 583, 36 S. W. 63, said:

"Negligence, whether of the plaintiff or defendant, is generally a question of fact, and becomes a question of law to be decided by the court only when the act done is in violation of some law, or when the facts are undisputed and admit of but one inference regarding the care of the party in doing the act in question; in other words, to authorize the court to take the question from the jury, the evidence must be of such character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it."

The act charged as constituting contributory negligence in this case infringes no law, and the evidence is not of such character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it. In other words, the facts of the case do not "fill the requirements of the law in order to constitute negligence as matter of law."

In Romine v. Railway Co., 24 Ind. App. 230, 56 N. E. 245, it appeared that a passenger while looking through an outside door of the car was resting his hand on a closet door at his side. The conductor saw him, but opened the closet door without warning. The passenger's fingers slipped in the crack of the door and were injured when the conductor immediately afterward closed it. The court held that the questions of the defendant's negligence and the plaintiff's contributory negligence were for the jury. The court said:

"The question of negligence must be submitted to the jury when there is room for difference of opinion between reasonable men as to the inferences which might fairly be drawn from

conceded facts as well as where there is room for such difference as to the existence of the facts from which it is proposed to infer negligence. * * * Where the inferences to be drawn from the proof are not certain and uncontrovertible, the question of negligence cannot be decided as a question of law, by directing a verdict, but must be submitted to the jury."

It follows from what we have said that, in our opinion, the case is not ruled by the decision in Railway Co. v. Overall, cited by appellant. In that case Overall was standing upon the platform of the car with his had voluntarily resting upon the jamb of the car door. While the train was standing still and Overall in this position, the brakeman suddenly, without knowledge that Overall's hand was upon the door jamb, closed the door and the end of Overall's finger was caught between the cleat and the door and injured. The only evidence that the brakeman saw Overall at the time of or before the accident, was the statement of Overall that "the man who shut the door could see me and see where my hand was when he shut the door." As was said in the Neely Case:

"This evidence did not show that the brakeman saw Overall, or that he knew he was in a leaning position against the door facing, or that he knew or had any reason to believe that with the train standing a passenger would assume a position of danger or voluntarily, without any jostle or moving train, place himself in a position of peril; nor did said facts so proved call for the exercise of any degree of care on the part of the brakeman."

The facts in the case at bar are materially different from the facts pointed out in the Overall Case, and if the Neely Case is distinguishable in its facts from the Overall case, so that both may stand without presenting a material conflict, likewise, in our opinion, is the present case distinguishable from it, and is not in conflict with it.

The judgment of the district court is affirmed.

